UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ali Ibn Aziza El,

    Plaintiff,

v.                                              Case No. 09-11569

City of Southfield, a municipal         Honorable Sean F. Cox
corporation, and Officer David
McCormick and Blake Matall,

    Defendants.

_____/

**OPINION & ORDER
DISMISSING ACTION WITH PREJUDICE**

As set forth below, since filing this *pro se* action on April 27, 2009, Plaintiff has failed and refused to cooperate in discovery and has failed to comply with this Court's orders. In addition, Plaintiff's complaint fails to state a claim for which relief can be granted. Accordingly, the Court shall dismiss this action with prejudice.

BACKGROUND

Acting *pro se*, on April 27, 2009, Plaintiff Ali Ibn Aziza El ("Plaintiff") filed this action against Defendants. Although the complaint is inartfully drafted, the complaint and other submissions filed by Plaintiff indicate that Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on March 25, 2009, Defendants violated his constitutional rights by: 1) precluding Plaintiff from operating a motor vehicle on a public roadway without a valid driver's license, vehicle registration, insurance, or a valid license plate; 2) issuing Plaintiff a

1

ticket for operating a motor vehicle on a public roadway in Southfield, Michigan without a valid driver's license, registration, proof of insurance, and license plate; 3) refusing to accept Plaintiff's "Tribal ID" as an alternative to valid driver's license; and 4) impounding the vehicle that Plaintiff had been driving in Southfield, Michigan without a valid driver's license, proof of insurance or valid license plate. Plaintiffs asks this Court to award him $250,000 in damages and dismiss all charges against him in the 46th District Court stemming from the March 25, 2009 traffic stop. (*See* Pl.'s Complaint, Pl.'s "Complaint and Motion to Dismiss Defendant's Claim," and Pl.'s Motion to Stay).

On July 23, 2009, this Court issued the Scheduling Order in this matter which provides, among other things, that witness lists must be filed by November 20, 2009, and discovery is to close on December 18, 2009. (Docket Entry No. 5).

On November 11, 2009, Defendants filed a motion seeking to compel discovery from Plaintiff, which was referred to Magistrate Judge Virginia Morgan. In that motion, Defendants sought an order compelling Plaintiff to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents and compelling Plaintiff to appear for a deposition. Although Defendants had noticed Plaintiff's deposition, Plaintiff had failed to appear.

Plaintiff did not file any response in opposition to the Motion to Compel and did not appear for the hearing on the Motion to Compel.

On November 19, 2009, Defendants filed a Witness List. To date, Plaintiff has not filed a Witness List.

On December 15, 2009, Magistrate Judge Morgan issued an Order granting Defendants' Motion to Compel and recommending that this Court dismiss this action for Plaintiff's failure to

prosecute.  Magistrate Judge Morgan's Order noted that: 1) Plaintiff has willfully refused to provide discovery in this action; 2) Plaintiff did not appear for the motion to compel hearing; and 3) Plaintiff has not updated Plaintiff's address or telephone number on file with the Court and was unreachable at either the address or telephone number previously provided.[1]

On January 6, 2010, this Court issued an order dismissing this case for failure to prosecute. At that time, no objections to Magistrate Judge Morgan's R&R had been received by this Court and no objections appeared on the docket.  After this Court had issued the January 6, 2010 Order, however, Magistrate Judge Morgan's chambers advised that Plaintiff had filed timely objections to the R&R.  Plaintiff is not an "e-filer," and rather than mailing objections to the Clerk's Office, Plaintiff mailed objections to Magistrate Judge Morgan's chambers, which delayed this Court's receipt of the objections until after January 6, 2010.  In his objections, Plaintiff confirmed that the address he provided to the Court is his correct address.  (Docket Entry No. 18 at 1).  Plaintiff asked the Court not to dismiss his action.  Plaintiff did not contest that he had failed to appear for his deposition and failed to provide other discovery.  Rather, Plaintiff stated his belief that he is not required to "give information that could have a negative effect on the outcome of this lawsuit."

Nevertheless, in light of Plaintiff's *pro se* status, and the fact that Plaintiff had filed objections to the R&R, this Court did not believe that dismissal for failure to prosecute was appropriate at that time.  Accordingly, this Court set aside the January 6, 2010 Order of Dismissal.  The Court further Ordered that:

---

[1] The docket reflects that one filing sent to Plaintiff at the address Plaintiff provided to the Court was returned undeliverable.  (*See* Docket Entry No. 11).

> The Court further ORDERS Plaintiff to provide full and complete responses to Defendants' First Set of Interrogatories and Request for Production of Documents on or before January 27, 2010. **Plaintiff is cautioned that failure to provide full and complete responses by that date may result in the dismissal of this action for failure to prosecute and/or as a discovery sanction.**
>
> Upon receipt of this Order, Defense Counsel is instructed to re-notice Plaintiff's deposition, which shall take place at the offices of Defense Counsel, on a date selected by Defense Counsel, **on or before February 15, 2010. Plaintiff is cautioned that failure to appear for the rescheduled deposition, shall result in dismissal of this action.**

(Docket Entry No. 19) (emphasis in original). Thus, this Court expressly advised Plaintiff that this action would be dismissed if he failed to appear for his re-noticed deposition.

In compliance with this Court's Order, on January 10, 2010, Defendants re-noticed Plaintiff's deposition to take place on February 10, 2010 at the offices of Defense Counsel at 2:00 p.m. (Docket Entry No. 22-4).

Although Defense Counsel appeared for the deposition as scheduled, and had hired a court reporter and arranged for the deposition to be videotaped, Plaintiff once again did not appear for his deposition. After waiting thirty minutes for Plaintiff, Defense Counsel went on the record, noting Plaintiff's failure to appear and stating that Plaintiff had not called Defense Counsel or indicated that he would not be attending. (Docket Entry No. 22-5). Thereafter, Defendants filed a motion asking the Court to dismiss this action with prejudice, pursuant to FED. R. CIV. P. 41(b).

At a status conference held on February 24, 2010, Plaintiff confirmed that he did not appear for a deposition. Plaintiff initially indicated that he did not appear for deposition because he sent in written discovery responses. Plaintiff then claimed that he had not received notice of

4

the deposition. Counsel for Defendant, however, confirmed that the Re-Notice of Deposition was sent to the address provided by Plaintiff, and confirmed as correct by Plaintiff in Docket Entry No. 18. Defense Counsel also represented to the Court that Defense Counsel had not received the Re-Notice Deposition returned as undeliverable.

ANALYSIS

I. The Court Shall Dismiss This Action Under FED. R. CIV. P. 41(b) For Plaintiff's Repeated Failure To Cooperate In Discovery And Comply With Court Orders.

Rule 41 provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(a). In addition Rule 37 also authorizes a district court to impose sanctions, including dismissal of claims, for failure to cooperate in discovery and failure to comply with a Court's orders. FED. R. CIV. P. 37.

Four factors are considered when determining whether a plaintiff's claims should be dismissed under FED. R. CIV. P. 41(a): 1) whether the party's failure is due to willfulness, bad faith or fault; 2) whether the adversary was prejudiced by the party's conduct; 3) whether the party has been warned that failure to cooperate would lead to dismissal; and 4) whether less drastic sanctions were imposed or considered. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008). After consideration of these factors, the Court concludes that dismissal of this action is warranted.

To support a finding that a plaintiff's action were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings. *Schafer,* 529 F.3d at 737. Here, numerous actions by Plaintiff display *at least* a reckless disregard for the

5

effect of his conduct on these proceedings.  Plaintiff has refused to provide information during discovery, even after ordered to do so by this Court.  This Court's January 14, 2010 Order required Plaintiff to provide full and complete responses to Defendants' interrogatories by January 27, 2010.  Although Plaintiff did provide some responses, he continued to refuse to provide information in various requests.  For example, Interrogatory No. 15 asked Plaintiff:

> 15. Were any written statements obtained from any witnesses surrounding the facts and circumstances of the incident herein sued upon?  If so, identify each witness and statement, with the name of the witness who made it, the date the statement or statements were given, and the name of the person who has present custody of said statement.

(Docket Entry No. 22-3 at 14).  Plaintiff responded that a verbal exchange was recorded and was "being transcribed by a personal acquaintance who shall remain anonymous."  (Docket Entry No. 22-3 at 2).  Plaintiff also refused to provide his driver's license number or information regarding prior arrests.  (*Id.*).  Most notably, Plaintiff also refused to appear for a deposition on two separate occasions.  On the second occasion, Plaintiff failed to appear despite this Court's Order to do so.

The Court also concludes that Defendants have been prejudiced by Plaintiff's conduct as they have wasted time, money, and effort in pursuit of cooperation which Plaintiff was legally obligated to provide.  *Schafer,* 529 F.3d at 737.  Because of Plaintiff's refusal to cooperate in discovery and abide by this Court's orders, Defendants have incurred costs in having to file motions to compel, re-notice depositions, hire court reporters, etc.  Without being able to obtain discovery in this matter, Defendants are unable to prepare for trial, discover potential grounds for dispositive motions, or otherwise defend in this action.

Plaintiff has been given ample warning that failure to cooperate in discovery could lead

to dismissal.  After Plaintiff failed to respond to Defendant's Motion to Compel Discovery, Magistrate Judge Morgan recommended that this Court dismiss Plaintiff's case for failure to prosecute – thereby giving notice to Plaintiff that his claims could be dismissed.  Indeed, this Court actually dismissed Plaintiff's claims following Magistrate Judge Morgan's Report and Recommendation, but ultimately decided to give Plaintiff one final chance to cooperate in discovery.  In this Court's January 14, 2010 Order, this Court expressly cautioned Plaintiff – in bold print –  that it would dismiss this action if Plaintiff failed to provide complete responses to Defendants' Interrogatories or failed to appear for a deposition prior to February 15, 2010.  Nevertheless, Plaintiff failed to comply with the Order.

In addition, the Court concludes that the final factor also weighs in favor of dismissal.  As reflected in the above paragraph, this Court did attempt less drastic sanctions, without success, before dismissing Plaintiff's claims.  The Court concludes that, under the circumstances presented here, a sanction short of dismissal would result in unfair prejudice to Defendants.

Finally, the Court notes that the fact that Plaintiff is proceeding *pro se* does not change the result here. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  In other words, "a *pro se* litigant is not invited to disregard court orders and rules." *Shaw-El v. Serra Brothers, Inc.*, 2008 WL 4057008 (E.D. Mich. 2008).

Accordingly, the Court shall dismiss this action with prejudice.

II.     In Addition, Dismissal Is Also Warranted On The Grounds Raised In Defendant's December 30, 2009 Motion To Dismiss.

7

The Court concludes that dismissal of Plaintiff's claims is also warranted for reasons set forth in Defendants' Motion to Dismiss. Plaintiff's complaint fails to state a claim for which relief may be granted because Plaintiff does not have a constitutional right to operate a motor vehicle and state licensure and registration requirements do not violate an individual's constitutional right to travel. *See e.g.*, *Duncan v. Cone*, 2000 WL 1828089 (6th Cir. 2000) (finding claimed violation of right to travel frivolous and explaining that "[w]hile a fundamental right to travel exists, there is no fundamental right to drive a motor vehicle."); *Miller v. Reed*, 176 F.3d 1202, 1208 (9th Cir. 1999); *Matthew v. Honish*, 233 Fed.Appx. 563 (7th Cir. 2007) (State licensure and registration requirements do not violate motorist's constitutional right to travel).

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: March 22, 2010

I hereby certify that on March 22, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Ali Ibn Aziza El via First Class Mail at the address below:

Ali Ibn Aziza El
P. O. Box 23352
Detroit, MI 48223

        S/J. Hernandez
        Case Manager